UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONRAD P. SEGHERS, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-0279-G |
| SAMER M. EL BIZRI, ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion by the defendants Samer M. El Bizri ("Bizri"), Codehost, Incorporated ("Codehost"), and Bizri Capital Partners, Incorporated ("BCP") (collectively, "the defendants") to dismiss the plaintiffs' first amended complaint pursuant to FED. R. CIV. P. 12(b)(2) and (6). For the reasons state below, the court vacates that portion of its prior order finding that personal jurisdiction was established over the defendants Codehost and BCP, offers the plaintiffs an opportunity to supplement their response to the defendants' FED. R. CIV. P. 12(b)(2) motion to dismiss, and grants the defendants the right to supplement their reply following the filing of any supplemental response by the plaintiffs.

I. BACKGROUND

The plaintiffs, Conrad P. Seghers ("Seghers"), Exponential Returns, L.P. ("Exponential Returns"), and Integral Hedging Offshore, Ltd. ("IHO") (collectively, "the plaintiffs"), filed their first amended complaint following an earlier order which granted in part and denied in part the defendants' first motion to dismiss. Memorandum Opinion and Order, July 17, 2006 ("Order"). In that order, the court found that the plaintiffs had properly established personal jurisdiction over the various defendants. *Id.* at 6-8. That conclusion rested solely on the court's determination that the defendants had waived their challenges to personal jurisdiction through choice of law/choice of forum provisions in two agreements signed by Seghers and Bizri.* *Id.* The court granted the defendants' first motion to dismiss the plaintiffs' fraud and negligent misrepresentation claims because those claims were not pled with the specificity required by FED. R. CIV. P. 9(b). *Id.* at 23. Finding that a more carefully drafted complaint might cure the pleading deficiencies, the court granted the plaintiffs an opportunity to amend their complaint. *Id.* The

---

\*      Essentially, the two agreements contained provisions with similar language declaring that the agreements were to be governed by and construed under the laws of Texas and that the agreements were made and were performable in Dallas County, Texas. *See* Amended and Restated Risk-Adaptive Portfolio Structures Agreement ("RAPS Agreement") at 20, *attached to* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Plaintiffs' Response") *at* Tab 4; Loan Agreement at 2, *attached to* Plaintiffs' Response *at* Tab 6.

amended complaint was filed in a timely fashion, and the instant motion to dismiss followed.

## II. ANALYSIS

In the defendants' motion to dismiss the plaintiffs' first amended complaint, the defendants assert once more that this court lacks personal jurisdiction over defendants Codehost and BCP. The defendants argue that while Bizri and Seghers are signatories on both of the agreements through which the court found personal jurisdiction, the different capacities in which they signed the agreements do not support the exercise of personal jurisdiction over Codehost and BCP.

On October 15, 1999, Bizri and Seghers signed a loan agreement, whereby Exponential Return loaned $1,000,000 to Bizri for a term of two years with an interest rate of ten percent per year. Loan Agreement at 1. The agreement stated that Bizri had "a large equity stake" in Codehost (f/k/a/ AnswerBuddy.com, Inc.). As collateral for the loan, Bizri pledged 240,000 shares in Codehost. *Id.* The only parties to the agreement were Exponential Returns and Bizri. *Id.* The contract was signed by Bizri (apparently in his individual capacity) and by Seghers as the representative of Exponential Management, LLC, which is a general partner of Exponential Returns. *Id.* at 4. Codehost was not a named party to the agreement, and there is no indication that Bizri entered into this agreement on behalf of or as an agent of Codehost.

On January 1, 2001, Bizri and Seghers signed an amended and restated risk-adaptive portfolio structures agreement ("RAPS agreement"), whereby Integral Investment Management, L.P. ("IIM") entered into a services agreement with BCP to invest certain assets. The only parties to the RAPS agreement were IIM and BCP. RAPS Agreement at 1. According to the signature page, Bizri signed the agreement in his capacity as president of BCP and Seghers signed as the chief executive officer of Integral Management LLC, which is a general partner of IIM. *Id.* at 21. However, neither Integral Management nor IIM are plaintiffs in this case. Rather, the third named plaintiff in this action is IHO.

Upon reconsideration of the issue of personal jurisdiction, the court agrees with the defendants. The lack of mutuality between the parties to the agreements and the parties to the suit, without more, renders the court unable to find that personal jurisdiction over Codehost and BCP exists as a result of the agreements. Without a valid legal argument as to why this court should impute the provision in the loan agreement from Bizri in his individual capacity to Codehost or impute the provision in the RAPS agreement from Seghers in his capacity as an officer of Integral Management to IHO, personal jurisdiction cannot be established based on the prior holding regarding waiver of personal jurisdiction. Accordingly, the court vacates that portion of its prior order finding personal jurisdiction over the defendants Codehost and BCP.

A finding that the prior holding cannot stand based on the court's earlier analysis does not necessarily mean that personal jurisdiction is lacking; it simply means that further inquiry is required.  However, in light of the court's decision to vacate part of its prior order, as well as the plaintiffs' reliance on that prior order in their response to the defendants' present motion to dismiss the first amended complaint, the interests of justice would be served by granting the plaintiffs an opportunity to supplement their briefing regarding the motion to dismiss.  Thus, the plaintiffs shall have leave to supplement, if they choose to do so, their response to the defendants' motion to dismiss the first amended complaint within twenty days from the date of this order.  The supplemental response shall be limited to the issue of whether this court has personal jurisdiction over Codehost and BCP.  At a minimum, any such supplemental response shall state with regards to each of these defendants: (1) whether personal jurisdiction is based on general jurisdiction, specific jurisdiction, or both and (2) the facts and/or legal arguments supporting that assertion of personal jurisdiction.  The plaintiffs are not precluded from reasserting the argument that personal jurisdiction has been waived by Codehost and BCP through the various agreements, but if the plaintiffs chose to make such an argument in their supplemental response, they shall state the legal basis for extending the provisions of the agreement to parties who did not sign them.

If the plaintiffs choose to file such a supplemental response, the defendants will be granted fifteen days from the date that the plaintiffs file and serve their supplemental response within which to supplement their reply.  If the defendants choose to supplement their reply, the supplemental reply shall be limited to the arguments raised in the plaintiffs' supplemental response.

### III.  CONCLUSION

For the above stated reasons, the court **VACATES** that portion of its prior order and opinion dated July 17, 2006 finding that personal jurisdiction over Codehost and BCP was established.  Additionally, the plaintiffs shall have leave, if they choose to do so, to supplement their response to the defendants' motion to dismiss the amended complaint -- in accordance with this order -- by **November 28, 2006**.  If the plaintiffs file such a supplemental response, the defendants shall have leave, if they choose to do so, to supplement their reply -- in accordance with this order -- by **December 13, 2006**.

**SO ORDERED**.

November 13, 2006.

                                                      _____
                                                      A. JOE FISH
                                                      CHIEF JUDGE